**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAMON CALDERON-MEJIA, | No. 19-72849 |
| Petitioner, | Agency No. A205-273-940 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 10, 2020
Seattle, Washington

Before: BERZON, MILLER, and BRESS, Circuit Judges.

Ramon Calderon-Mejia, a native and citizen of Mexico, petitions for review

of an order of the Board of Immigration Appeals affirming the denial of his

applications for cancellation of removal, asylum, withholding of removal, and

protection under the Convention Against Torture. We have jurisdiction under 8

U.S.C. § 1252(a)(1). We dismiss the petition in part and deny it in part.

1.    The Board concluded that cancellation of removal was unwarranted

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

because the hardship that Mejia's removal would cause his son, a United States citizen, did not "rise to the level of exceptional and extremely unusual." *See* 8 U.S.C. § 1229b(b)(1)(D). We lack jurisdiction to review the Board's discretionary hardship determinations. 8 U.S.C. § 1252(a)(2)(B)(i). Although we may entertain a claim that the Board applied the wrong legal standard, *Alvarez Figueroa v. Mukasey*, 543 F.3d 487, 493–96 (9th Cir. 2008), it did not do so here. The Board appropriately considered the potential future hardship to Mejia's son and concluded that there was no evidence that he would be unable to continue receiving medical treatment if Mejia were removed. The Board also recognized the "financial and emotional hardship" of family separation, but it concluded that Mejia's removal was "the type of hardship common in families when a relative is [removed] and the qualifying relative remains in the United States." *See Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1013 (9th Cir. 2005).

2.      Substantial evidence supports the Board's conclusion that Mejia's asylum application was untimely. Asylum applications generally must be filed within one year of the applicant's arrival in the United States, 8 U.S.C. § 1158(a)(2)(B); 8 C.F.R. § 1208.4(a)(2), but a late filing may be excused if the applicant demonstrates the existence of changed or extraordinary circumstances relating to the delay, 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(4)–(5). Mejia entered the United States in 2003 and did not file his application until 2016. His

2

limited English and lack of resources are not extraordinary circumstances. *See Toj-Culpatan v. Holder*, 612 F.3d 1088, 1090–91 (9th Cir. 2010) (per curiam). Neither is his unfamiliarity with asylum. *See Antonio-Martinez v. INS*, 317 F.3d 1089, 1093 (9th Cir. 2003). And to the extent Mejia argues that his sister's beating in 2013 constituted changed circumstances that excused his late filing, a three-year delay after that event would still have been unreasonable. *See Husyev v. Mukasey*, 528 F.3d 1172, 1181–82 (9th Cir. 2008).

3.      The Board did not err in denying withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b).

First, substantial evidence supports the immigration judge's determination, adopted by the Board, that Mejia did not adduce evidence that he would be harmed on account of his membership in his family. The record does not establish that the threats to his father and sister in Mexico were made on account of their familial ties. Mejia testified that other people in his family's hometown were threatened with extortion demands, supporting the immigration judge's determination that what Mejia fears is "general crime and violence," which do not establish a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Because the Board adopted the immigration judge's finding of a lack of nexus between any threat of harm and Mejia's membership in his family, we need not consider the Board's alternative holding that Mejia's family is not cognizable as a

3

particular social group.

Second, Mejia's proposed social group of "returning Mexicans after a long residency in the United States who will be perceived as wealthy" is not cognizable. *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam).

Third, substantial evidence supports the Board's conclusion that Mejia did not establish persecution on account of his political opinion defined by his opposition to gangs and corrupt officials. In his asylum application and his testimony, Mejia never mentioned a fear of being forced to join a cartel or cooperate with corrupt officials, and he did not explain how either the police or cartels would impute an anti-government or anti-cartel opinion to him. *See Ramos Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009), *abrogated in part on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc).

4.      Finally, substantial evidence supports the Board's conclusion that the immigration judge correctly denied relief under the Convention Against Torture because Mejia did not establish that it was "more likely than not that he [would] be tortured if returned to Mexico." *See* 8 C.F.R. § 1208.16(c)(2). The immigration judge considered Mejia's credible testimony and general evidence of country conditions. Mejia testified that he had never been harmed by the police in Mexico,

4

and that the masked men who threatened his parents did not physically harm them. Furthermore, the fact that Mejia's sister has not been harmed since relocating to a new city after being attacked undercuts Mejia's claim that the police or a criminal group will be able to find him no matter where he goes in Mexico. And while Mejia submitted articles and country condition reports on general violence in Mexico, including violence directed at deportees, the evidence does not show "a greater risk to him than any other Mexican national deported from the United States such that torture would be 'more likely than not' in his case." *Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019).

**PETITION DISMISSED IN PART AND DENIED IN PART.**